OPINION OF THE COURT
Rockwell D. Colaneri, J.
The plaintiff sues for $1,475.97 for services rendered to Nancy Fordon and on an assignment of first-party benefits under a no-fault auto policy with Arnica Mutual Insurance Company. At the trial of this case, the plaintiff agrees that $41.21 was an overbilling and the amount sued for is reduced to $1,434.76. Further, the cause of action against the patient *131 for services rendered must be dismissed pursuant to Insurance Law § 5108 (c). The health provider is limited to the payments under Insurance Law § 5108 (a) and (b) when treating a no-fault patient. (See, Roth v Hanover Ins. Co., 126 Misc 2d 347.)
The amount of money sued for represents the difference between the amount permissible under schedules of medical fees as interpreted by the plaintiff, health provider and the amount as interpreted by the no-fault insurer. The language to be interpreted is found in 11 NYCRR appendix 17-A, in the fifth paragraph of the subheading "Surgery”: "For unrelated procedures performed at the same time, payment is for the procedure with the highest allowance plus half of the lesser procedures up to a maximum of twice the highest fee.”
The hospital record indicates the following injuries:
"a. 2” laceration, avulsion injury extending from the oral mucosa on the left side through the white line of the left side through the commissure onto the left side of the cheek extending through the skin, subcutaneous tissue, muscles and upper face and orbicularis muscle;
"b. a 1” irregular laceration, avulsion of the lower lip located medially;
"c. 3¥2" long laceration by IV2" wide extending from the lateral right side of the upper labium of mucosa across the midline onto the left inner upper cheek and extending through mucosa and muscle of the face with complete avulsion of the degloving of the maxilla up to the orbital rim and left side nasal bones with a large hole located along the nasal maxillary plate.”
The plaintiff performed plastic surgery on each one of these wounds on March 31, 1985. This court finds that the plaintiff performed three independent procedures sequentially, on the same date, though not at the same time. The plaintiff is entitled to payment for each procedure and the above-cited language of appendix 17-A is inapplicable.
Accordingly, judgment of $1,434.76 is awarded to the plaintiff. Pursuant to 11 NYCRR 65.15 (g) the above sum was overdue on June 1, 1985 and plaintiff is entitled to "two percent [interest] per month, compounded and calculated on a pro rata basis using a 30-day month.” Further, pursuant to 11 NYCRR 65.15 (h) the plaintiff is entitled to attorney’s fees of $55.